# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE
DOUGLAS J. GARDNER, BAR NO.
4609.

No. 77063

FILED

NOV 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Douglas J. Gardner. Under the agreement, Gardner admitted to violating RPC 1.15 (safekeeping property) and agreed to a 24-month suspension, with all but the first 3 months stayed for a period of 2 years with conditions.

Gardner has admitted to the facts and violation as part of his plea agreement. The record therefore establishes that Gardner violated RPC 1.15 (safekeeping property) by having his trust account out-of-balance on three occasions, depositing personal funds into his trust account, and making personal payments from his trust account.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's

18-903622

misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Gardner has admitted that he violated his duty to his clients to safekeep their property. His mental state was knowing as he acknowledged that he had poor record keeping habits. One of Gardner's clients may have actually been harmed, but regardless, Gardner's personal use of his trust account exposed additional clients to potential injury. Thus, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of four aggravating circumstances (pattern of misconduct, multiple offenses, vulnerability of victim, and substantial experience in the practice of law) and seven mitigating circumstances (absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary authority or cooperative attitude toward proceedings, character and reputation, physical disability, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Douglas J. Gardner for 24 months, with all but the first 3 months stayed, commencing from the date of this order. Further, Gardner is placed on probation for two years as of the date of this order subject to the following conditions: (1) if Gardner is unable to provide proof of payment of $21,955.32 to Hedy Calabrese, he shall pay her that amount within the probationary period; (2) Gardner shall

(O) 1947A

provide quarterly documentation to the State Bar as agreed upon in the plea agreement; (3) during his probation, he shall complete six live CLE hours relating to law office management, in addition to the annual CLE requirements, unless the State Bar agrees to an alternative format for those CLE hours; and (4) he shall pay the costs of the bar proceeding, including $2,500 under SCR 120, within 120 days from receipt of the State Bar's invoice. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                        Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Douglas J. Gardner
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court